■   RUTH KOLBENHEYER, Respondent, v. TOWN BOARD OF THE TOWN OF HEMPSTEAD et al., Appellants. — Judgment of the Supreme Court, Nassau County, entered January 23, 1967, affirmed, without costs (see, Matter of Fulling v. Palumbo, 21 N Y 2d 30). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■   MARY T. MUTELL et al., Appellants, v. ANTHONY J. FAVALE, Respondent. — Judgment of the Supreme Court, Suffolk County, entered February 15, 1967, affirmed, with costs. No opinion. Appeal from judgment of said court dated November 10, 1966 dismissed, without costs. That judgment was superseded by the judgment entered February 15, 1967 and that appeal has been abandoned. Brennan, Acting P. J., Rabin, Benjamin and Munder, JJ., concur; Martuscello, J., concurs in the dismissal of the appeal from the judgment dated November 10, 1966, but dissents from the affirmance of the judgment entered February 15, 1967 and votes to reverse that judgment and to grant a new trial, on the ground that the verdict was against the weight of the evidence.

■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND NEHRU ALI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 17, 1967 upon a jury verdict, convicting him of robbery, first degree; grand larceny, first degree; grand larceny, second degree; and assault, second degree; and imposing sentence. Judgment affirmed. Defendant contends, inter alia, that the trial court improperly (a) permitted the arresting officer to bolster the complaining witness' in-court identification by proof of a prior identification by such witness; and (b) permitted another identifying witness to testify to a prior identification from photographs submitted to him. In our opinion, the complaining witness' positive in-court identification, predicated on a full and adequate opportunity to observe defendant at the scene of the crime, was not deprived of its self-sustaining and reliable status because of any allusion to a prior incident by the arresting officer which, at best, lends itself to a conjectural inference that such prior identification actually had occurred. It is also noted that the testimony of the other witness, with respect to a prior identification from photographs submitted to him, was initially elicited by defense counsel on cross-examination in an effort to discredit the in-court identification of such witness by showing some inconsistency and uncertainty on the part of the witness when the photographs were submitted to him. Predicated on the foregoing and on all the facts and circumstances adduced, we are of the opinion that the testimony allegedly reflecting pretrial confrontation and identification, even if considered to have been improperly adduced, constituted harmless error and was not of such prejudicial significance as to justify the conclusion of reversible error urged by defendant (Code Crim. Pro., § 542; People v. Brown, 20 N Y 2d 238). Defendant's remaining points have been considered and have not been found to be persuasive of any determination other than that of affirmance reached herein. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.