## FOURTH DEPARTMENT, JUNE, 1974

## (June 27, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELVERTON P. FREELAND, Appellant.— Judgment unanimously affirmed. Memorandum: The defendants, convicted of murder and attempted murder after a jury trial, appeal on the following grounds: (1) the pretrial identification procedures were impermissible and unnecessarily suggestive; (2) the verdict was against the weight of evidence and insufficient as a matter of law; (3) the District Attorney deprived defendants of a fair trial by making improper appeals to prejudice in his summation, as well as alleged misstatements of fact; (4) trial court erred in denying a hearing on defendants' motion for a new trial when the principal prosecution witness allegedly recanted her identification testimony; (5) the court erred in precluding defendants from attacking Orvetta Stewart's ability to observe and recollect the incident in question; (6) the court erred in denying the defense access to the reports and notes of police officers; and (7) the court erred in allowing prejudical cross-examination by the District Attorney regarding the religious beliefs of the defendants and their witnesses. It is apparent that the testimony of Orvetta Stewart as to identification was a critical part of the prosecution's case. If believed, her testimony alone would be sufficient to justify the jury's verdict of guilty. From the totality of the circumstances, it appears to us that the identification by the witness, Stewart, was reliable and

had an untainted source independent of the alleged suggestive exhibition or showup. Witness, Stewart, had an ample opportunity to examine both defendants at the time of the incident. (*United States* v. *Wade*, 388 U. S. 218; *People* v. *Carter*, 30 N Y 2d 279; *People* v. *Oakley*, 28 N Y 2d 309.) Since credibility is a question of fact for the jury (*People* v. *Asan*, 22 N Y 2d 526) and since the complaining witness, Stewart, had more than 30 minutes in the presence of the defendants, we believe that this evidence was sufficient to support the jury verdict. Appellants claim to have been prejudiced since the prosecution's cross-examination and summation allegedly stressed the defendants' association with the Black Muslims. Since it was the defendants who originally developed testimony relative to the Black Muslim faith, the prosecution was warranted in exploring this in cross-examination and mentioning it in summation. Defense contends that at both the *Wade* hearing and the trial reversible error was committed by the denial to them of police reports relating to Orvetta Stewart's identification. The court ruled that these materials could be used only by the witnesses to refresh their recollection and since the witnesses had been sworn by the defense counsel, they were not entitled to a perusal of the reports. Under the facts before us, it would appear clear that these reports are in the nature of exempt property under CPL 240.10 (subd. 3) and are, therefore, unavailable to the defense, nor does the rule enunciated in *People* v. *Rosario* (9 N Y 2d 286) and in *People* v. *Malinsky* (15 N Y 2d 86) help the defendants since the use of these reports was sought for the purpose of direct and not cross-examination. Upon her cross-examination, the principal witness denied that she had ever been a narcotics addict. Since there was no testimony that this witness was not in possession of all of her faculties and full powers of observation on the night of the incident, and in the absence of any indication of her inability to observe the events of that evening or to recollect the same, the use of medical reports pertaining to the witness was of a collateral nature and properly excluded by the court. The other contentions relative to the prosecutor's alleged inflammatory summation and the refusal of the trial court to hold a hearing relative to Orvetta Stewart's alleged recantation deserve brief comment. While we do not condone the excesses of the District Attorney's summation it was not of such a character as to warrant consideration under the principles enunciated by us in *People* v. *Causer* (43 A D 2d 899) nor was it of such a nature as to deprive the defendants of a fair trial. The trial court did not err in denying a hearing relative to Orvetta Stewart's alleged recantation. The record indicates that her testimony at the trial was of a positive character relative to the identification of the defendants, repeated on two or three occasions, the verbiage of which completely negates the believability of the wording of her alleged recantation. (Appeal from judgment of Erie Supreme Court convicting defendant of murder and attempted murder.) Present — Witmer, J. P., Moule, Cardamone, Mahoney and Del Vecchio, JJ.