THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROCCO RUSSO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered March 9, 1972, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The memorandum of this court dated November 4, 1974, which would appear to be a decision, is hereby withdrawn and vacated and the following decision is hereby rendered. Judgment affirmed. Defendant was convicted of manslaughter in the first degree for the brutal killing of his estranged girl friend, Christine Russo (no relation). Briefly, the facts adduced at the trial are as follows: Defendant had made careful arrangements to meet the decedent at night in a parking lot in Von Briesen Park, Staten Island. He prevailed upon a girl friend of the victim to bring her to this park on some pretense and there he told the victim's friend he hoped to reconcile with Christine. He cautioned her (the victim's friend) that Christine was not to know that he would be there, as he wanted their meeting to appear to be one of happenstance. He himself

was driven to the park by yet a third female, a close friend of his. The meeting took place as arranged and in the park he was given an opportunity by the friend who had brought Christine to speak with Christine alone. Soon after he was left alone with Christine he stabbed her numerous times, killing her. He raised the defense of insanity. Our dissenting brethren cite a number of instances they assert constituted improper conduct by the Trial Justice which they say deprived defendant of a fair trial. As to the first of these instances (the trial court's observations that defendant appeared competent to stand trial), we note only that the trial court's comments were not in the presence of the jury, but made during a hearing to determine whether defendant was competent to stand trial. The issue of competency to stand trial was not seriously contested. The sole witness at the hearing was Dr. Schwartz and the court's afore-mentioned observations were made just after Dr. Schwartz testified that defendant was competent to stand trial and before a rather brief and ineffectual cross-examination took place. None of the questions on cross-examination were directed to an impugnation of the doctor's opinion of defendant's competency. Importantly, neither of the defense's medical experts who testified at the trial was called to dispute defendant's present competency at the hearing. In this context we find no basis for a reversal. As to the claim that the Trial Justice " improperly summarized the findings of the expert to the jury and thus usurped the latter's function to weigh and evaluate the testimony," we note that in reviewing the record there were times that the testimony of the medical experts was rather prolix and highly technical and the court summarized the testimony in simpler terms for the benefit of the jury. The Trial Justice, however, took pains at those times to instruct the jury that he was only reviewing the medical testimony for their benefit and understanding and that if they (the jury) disagreed with the view it was their recollection of the medical testimony that was to control. We are not persuaded that the foregoing constitutes a usurpation of the jury's function to weigh and evaluate testimony. As to the last claim, it must be conceded that there were instances where the trial court " interrupt[ed] the examination and cross-examination of witnesses " and posed questions of its own. It is well settled, however, that a " trial judge is something more than a mere automaton " (People v. Ohanian, 245 N. Y. 227, 232). Indeed, a " Trial Judge in criminal matters may take an active part in the examination of witnesses where questioning is necessary to elicit significant facts, to clarify or enlighten an issue or merely to facilitate the orderly and expeditious progress of the trial " (People v. Mendes, 3 N Y 2d 120, 121). In our review of the record we found that the trial court in its questioning of witnesses "interrupted" the People's case almost as much as that of the defense, and from the questions posed we find no compelling evidence of partiality to the prosecution. Nor have we found any basis for the assertion that any of defendant's three trial attorneys were prevented from pursuing proper lines of inquiry. To the contrary, in addition to giving the defense every opportunity to produce its proof, the trial court at times even aided the defense in adducing its proof. In summary, while the right to a fair trial is inviolate, " a defendant is [only] entitled to a fair trial  *   *   *  not a perfect one " (Lutwak v. United States, 344 U. S. 604, 619 [bracketed word supplied]). " Errors are almost inevitable in any trial, improprieties almost unavoidable, but the presence of one or the other furnishes no automatic signal for reversal and retrial" (People v. Kingston, 8 N Y 2d 384, 387). The record reveals a rather lengthy and spirited trial, but one where the defendant was afforded every opportunity to develop his defense of insanity. The trial court's charge to the jury was fair and

has not been questioned on this appeal. We find no reversible error. Martuscello, Latham and Cohalan, JJ., concur; Hopkins, Acting P. J., and Shapiro, J., dissent and vote to reverse the judgment and to order a new trial, with the following memorandum: Defendant was indicted for murder and was convicted by a jury verdict of manslaughter in the first degree. At the trial he raised the defense of insanity. We are constrained to vote to reverse the judgment and for a new trial because the conduct of the Trial Justice denied defendant's right to a fair trial. At the hearing to determine defendant's competency to be tried the court expatiated to a medical expert for the prosecution on the court's observations of defendant and its belief that defendant was not incompetent before the witness was subjected to cross-examination. Moreover, at the trial during the testimony of a medical expert for defendant, the trial court improperly summarized the findings of the expert to the jury and thus usurped the latter's function to weigh and evaluate the testimony. On other occasions during the trial the court interrupted the examination and cross-examination of witnesses and prevented counsel from pursuing the lines of inquiry considered important in the development of the case. A defendant is entitled to a fair trial, free from the expression of views by the trial court which interferes with the exclusive power of the jury to decide the facts and the right of counsel to establish the case of the defendant according to counsel's judgment. Here the trial court's action transcended the limits of this principle, and the judgment should be reversed and a new trial ordered (see *People* v. *Matos*, 46 A D 903).