■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 15, 1974, convicting him of robbery in the first degree (four counts), robbery in the second degree (two counts) and grand larceny in the third degree (four counts), upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of robbery in the second degree and grand larceny in the third degree and the sentences imposed thereon and the said counts are dismissed. As so modified, judgment affirmed. The first two counts of the indictment charge the robbery in the first degree of complainant Johnson in that defendant, *acting in concert* with other persons *actually present,* forcibly stole certain property, and that he and the other perpetrators displayed what appeared to be a firearm (count one) and used and threatened the use of a dangerous instrument (count two). The fifth and sixth counts, respectively, repeat the same allegations as to the complainant Robertson. The theft of the same property specifically listed in the counts charging robbery in the first degree also constitute the basis of the convictions of robbery in the second degree and grand larceny in the third degree.

The evidence firmly establishes that defendant perpetrated the robbery with the assistance of three other armed accomplices who were actually present. The judgment convicting defendant of robbery in the first degree, robbery in the second degree and grand larceny in the third degree cannot stand without modification. Defendant, on the facts of this case, could not have committed robbery in the first degree without also committing robbery in the second degree and grand larceny in the third degree, as the latter counts are inclusory and concurrent (see CPL 300.40, subd 4; *People v Hayes,* 43 AD2d 99, affd 35 NY2d 907; *People v Grier,* 37 NY2d 847; *People v Sistrunk,* 46 AD2d 914; *People v Pyles,* 44 AD2d 784). Where the verdict is comprised of inclusory concurrent counts, a verdict of guilty as to the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b]). Accordingly, the judgment must be modified by reversing defendant's convictions of robbery in the second degree and grand larceny in the third degree, and the sentences imposed thereon, and should, in all other respects, be affirmed. On appeal, defendant asserts as error the prosecutor's extensive cross-examination of him as to prior robbery offenses. There is, however, no error in cross-examining a defendant as to matters covered by his direct testimony. Further, even if the prosecutor can be said to have exceeded the bounds of propriety in continuing the examination of defendant as to his criminal history, a subject which not only was first developed during direct examination, but which was continued without objection, the proof in this case is so overwhelming that any such error is harmless (see *People v Crimmins,* 36 NY2d 230). We have considered defendant's remaining arguments and find them to be without merit. Martuscello, Acting P. J., Cohalan, Brennan and Munder, JJ., concur; Shapiro, J., dissents in part and votes to affirm the conviction of robbery in the second degree (two counts), and the sentences imposed thereon, and otherwise concurs, with the following memorandum: I concur in the reversal and dismissal of the convictions under the fourth, eigth, ninth and tenth counts, which charge grand larceny in the third degree, on the basis of *People v Grier* (37 NY2d 847). However, I believe that the convictions as to the third and seventh counts, which charge robbery in the second degree, should be affirmed. This court stated in *People v Williams* (47 AD2d 262, 264) that "robbery in the second degree under subdivision 1 of section 160.10 of the Penal Law [which is what is charged in counts 3 and 7] is not a lesser included offense of robbery in the first degree". Robbery in the first degree does not require that an accomplice actually be present aiding the defendant. Defendant would have been guilty of robbery in the first degree (because he had a gun and because he used and threatened the use of it) regardless of whether anyone else was actually present and aiding him. Therefore, since it was possible for defendant to have committed robbery in the first degree without concomitantly committing robbery in the second degree, robbery in the second degree is not a lesser included offense (see CPL 1.20, subd 37).