Memorandum. The defendant was denied a fair trial as a matter of law.
 

 Though both sides were represented by able and experienced counsel, from the beginning to the end the Trial Judge omnivorously and intolerably injected himself into the trial, monopolizing it by excessive and prejudicial questioning throughout.
 

 
 *989
 
 The defendant admitted firing the fatal shot in this barroom brawl. There was no question of identity. There was no charge of premeditation. There was no denial of intent. In short, the issues were neither complex nor subtle. Yet, the unrelenting pressure the trial court exerted without surcease made it impossible to focus on the relatively narrow question at the heart of the case, that is, whether the shooting had taken place in self-defense. Instead, the manner, timing and omnipresence of his incessant interjections improperly elevated to center stage the Judge’s not even ill-concealed opinion that defendant was of worthless -character. A conviction arrived at by such compromising of the process by which innocence or guilt is determined may not be permitted to stand.
 

 Under these circumstances, other prejudicial matters here added but more grist to the mill. Thus, for instance, there was an overdramatic, judicially mandated re-enactment of the undenied shooting before the jury, with the defendant (who had taken the stand in his own defense) made to play himself as leading man, court personnel cast in supporting roles, and the gun used in the actual shooting serving as one of the playacting props. And, to cite but another example, the charge to the jury, while textbook perfect in form as to the law, pointedly recalled every negative feature or questionable background fact which might reflect on defendant; while neglecting the evidence favorable to him, at the same time it colorfully marshaled that presented by the prosecution.
 

 Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed and a new trial ordered in a memorandum.