■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SINGLETARY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 13, 1974, convicting him of robbery in the first degree (two counts), and possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. On August 26, 1971 defendant, armed with a revolver and accompanied by three accomplices, entered a hardware store, drew a weapon on the store employees and announced that "its a stick-up". A short while thereafter, defendant was arrested while cowering in a candy store telephone booth some blocks away and was taken to the station house, where he was identified by his victims. The weapon used by him in the robbery was found on a nearby street. A mistrial was declared during defendant's first trial when counsel would not accede to the substitution of an alternate for a juror who could no longer continue deliberations. Defendant contends that the record of that aborted trial does not establish an intelligent waiver of his right not to be placed twice in jeopardy. However, in light of the extensive examination of the juror as to the necessity for his departure, and of defendant's express assent to the mistrial, he cannot complain that his decision was an involuntary or an unknowing one (CPL 270.35). Defendant demanded a hearing on his claim that he was denied a speedy trial. However, the procedural history of this case establishes that the blame for the delay rests with defendant himself, who, throughout these proceedings, continually used tactics calculated to effect that end. Where the fault lies within defendant's control, where the gravity of the crime is unquestioned and where defendant, apprehended moments after the robbery, can establish no prejudice, the motion to dismiss for lack of a speedy trial has to be denied (see CPL 30.30, subd 4, par [a]; *Barker v Wingo,* 407 US 514; *People v Taranovich,* 37 NY2d 442; *People v Timothy,* 34 NY2d 867). Defendant next contends that the introduction of testimony as to the method of identification employed by the police violated the prohibition against testimony which is introduced solely to bolster an eyewitness' identification (see *People v Trowbridge,* 305 NY 471). *Trowbridge,* however, does not bar such evidence when it is introduced for a legitimate purpose, as was the case here. The testimony elicited by the prosecutor as to the station house lineup was introduced to rebut matter raised by the defense in the first instance. This was not error. Matters raised by defendant may be pursued by the prosecutor even though, initially, the People may be barred from invoking an original line of inquiry as to the subject (cf. *People v Williams,* 50 AD2d 911; *People v Freeland,* 45 AD2d 814; *People v Ali,* 29 AD2d 779). Defendant contends that his case was prejudiced by the Trial Judge's interference in the trial. While it is true that the Trial Judge was active in the case, it cannot be said that his conduct deprived defendant of a fair trial. Rather, it is the court's duty to insure that major points in contention are clarified to the jury (see *Glasser v United States,* 315 US 60, 83; *People v Hinton,* 31 NY2d 71; *People v Russo,* 46 AD2d 904; *United States v Pellegrino,* 470 F2d 1205; *United States v Cruz,* 455 F2d 184, cert den 406 US 918). Viewing the efforts of the Trial Judge toward clarification of defendant's muddled presentation, it cannot be said that any action taken by the court exceeded the bounds of propriety or impartiality (cf. *People v Budd,* 38 NY2d 988; *People v Robinson,* 53 AD2d 898; *United States v Nazzaro,* 472 F2d 302). Moreover, the Trial Judge's conduct was not prejudicial in light of the overwhelming proof of defendant's guilt (see *People v Crimmins,* 36 NY2d 230). The other

768

contentions advanced by defendant on this appeal have been reviewed and found to be without merit. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.