■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIGOBERTO MELERO, Also Known as REGUSTO MELERO, and MIGUEL MELERO,

Appellant.—Appeals (1) by defendant Rigoberto Melero from a judgment of the Supreme Court, Kings County; rendered October 6, 1978, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) by defendant Miguel Melero from a judgment of the same court, rendered November 8, 1978, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgments reversed, on the law and as a matter of discretion in the interest of justice, and new trial granted. The joint trial of both defendants was characterized by an excessive intrusion on the part of the Trial Judge into the conduct of the trial, in a manner which tended to usurp the roles of both the prosecutor and the defense attorneys and which tended at times to convey an apparently unfavorable opinion as to the defendants' innocence or guilt. Among the instances of such conduct was the Trial Judge's repetitive questioning of one of the People's witnesses (Elizabeth Marquez) in a manner which improperly assumed facts outside of her testimony in an apparent effort to elicit testimony which conformed to the witness' prior out-of-court statement to the police. Additionally, the trial court's examination of a police officer who had erroneously identified one of the defendants at a *Wade* hearing, apparently geared toward rehabilitating the officer's damaged credibility, tended to convey an incomplete picture of the circumstances under which the officer corrected his identification at the hearing. The trial court also engaged in unnecessary and sometimes acrid colloquies with defense counsel over evidentiary rulings and a request for limiting instructions. Additionally, the court interfered with defense counsel's permissible strategy of impeaching the credibility of a prosecution witness (Irma Cardona, an accomplice) by showing a motive to distort the truth. On cross-examination, defense counsel properly sought to elicit the witness' possible "hope" of receiving a more lenient sentence as a result of her co-operation with the District Attorney. In its own examination of the witness, the court compromised this impeachment attempt by asking the witness whether anybody had asked her to "lie" and repeatedly eliciting her negative answer. While we are quite aware of the Trial Judge's prerogative to take an active role in the proceedings in the interest of the effective and orderly administration of justice (see, e.g., *People v Gonzales,* 38 NY2d 208, 210; *People v Hinton,* 31 NY2d 71, 76; *People v Singletary,* 54 AD2d 767; *People v Russo,* 46 AD2d 904, 905, affd 41 NY2d 1091), we find that the accumulation of excesses in the record worked to deprive the defendants of a fair trial (see *People v De Jesus,* 42 NY2d 519; *People v Robinson,* 71 AD2d 1008). "A reversal is required despite the strong evidence of guilt adduced at the trial (see *People v Mees,* 47 NY2d 997)" *(People v Robinson, supra).* We have examined the other contentions raised by defendant Miguel Melero and find them to be without merit. Titone, J. P., Gibbons, Gulotta and Margett, JJ., concur.