■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND FERNANDEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered May 13, 1981, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Defendant did not move to withdraw his plea at the allocution or at sentencing. Having failed to raise any objections to the adequacy of the plea allocution in the court of first instance, defendant has not preserved the issue for appellate review as a matter of law (see *People v Pascale,* 48 NY2d 997; *People v Bell,* 47 NY2d 839; *People v Ebron,* 87 AD2d 653). Furthermore, we conclude that reversal is not warranted in the interest of justice. We have also reviewed the sentence imposed and find that it is not excessive. Gulotta, J. P., O'Connor, Brown and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS GILLEY, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered November 12, 1981, convicting him of burglary in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant contends that it was reversible error for Police Officer Murphy to testify to the procedures preceding the lineup and for Detective Hill to testify to the way in which the lineup was conducted. The detective testified that defendant was in the lineup but did not specifically mention that either of the complainants identified defendant in the lineup. Police Officer Murphy's testimony was permissible since the defense, at trial, placed at issue the legitimacy of the procedures preceding the lineup (see *People v Singletary,* 54 AD2d 767). We do not decide the issue of whether Detective Hill's testimony inferentially bolstered the complainants' identification testimony in violation of the *Trowbridge* rule (see *People v Trowbridge,* 305 NY 471), as we have concluded that if there was error, it was harmless. Both complainants testified that they were acquainted with defendant for many years and had seen him, on the average, at least once a week for several months preceding the date of the crime. Since both complainants had independent means of identifying defendant, there is no significant possibility that the jury would have acquitted defendant had it not been for the alleged bolstering by Detective Hill of complainants' identification testimony and proof of defendant's guilt was overwhelming (see *People v Johnson,* 57 NY2d 969). Gulotta, J. P., O'Connor, Brown and Boyers, JJ., concur.