■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGO ECHEVERIA-BRAND, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered June 28, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ Defendant's claim that the admission of testimony of Detectives Manning and Delacruz relating to a previous lineup identification constituted impermissible bolstering has not been preserved for review (CPL 470.05, subd 2). In any event, the error must be considered harmless because the evidence of identity was clear and strong (*People v Mobley,* 56 NY2d 584, 585; see *People v Malloy,* 22 NY2d 559, 567). The witness to the shooting observed the perpetrator from a distance of only five feet. He had reason to note his appearance because the perpetrator was engaged in a loud argument with his victim immediately prior to the shooting. The witness gave a full description of the perpetrator immediately after the incident and his testimony at trial was positive and strong. ¶ We disagree with defendant that his attorney's failure to object to the admission of the detectives' testimony concerning the prior identification constituted ineffective assistance of counsel. It is apparent from the record that counsel chose not to object to such testimony as a matter of trial strategy. That counsel's tactics were unsuccessful does not, in itself, demonstrate ineffective assistance of counsel (see *People v Baldi,* 54 NY2d 137, 146; *People v Shannon,* 92 AD2d 554; *People v Jackson,* 74 AD2d 585, affd 52 NY2d 1027). The record, viewed in its

entirety, reveals that defendant was afforded meaningful and effective representation. ¶ We have considered defendant's remaining contention and find it to be without merit. Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.