■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE C. JONES, Appellant. — Appeal from a judgment of the County Court of Saratoga County (Brown, J.), rendered July 29, 1983, upon a verdict convicting defendant of the crime of burglary in the third degree.

Defense counsel's failure to make a pretrial *Sandoval* motion does not constitute ineffective assistance of counsel in view of the court's *Sandoval* determination made during the trial. Similarly, counsel's failure to make a pretrial *Huntley* motion to suppress defendant's initial oral admissions cannot be considered as ineffective assistance of counsel in view of defendant's later statements made after *Miranda* warnings had been given. Moreover, the election not to make a pretrial motion may have been part of counsel's trial strategy (see *People v Eddy,* 95 AD2d 956). Under the circumstances, it cannot be said that defense counsel did not provide meaningful representation and, therefore, the claim of ineffective assistance of counsel must be rejected (see *People v Williams,* 97 AD2d 599).

Defendant next maintains that a new trial is required due to improper comments made by the prosecutor during summation. Taken in context, however, the statements were not so prejudicial as to deprive defendant of a fair trial (cf. *People v Schaaff,* 71 AD2d 630, with *People v Mosher,* 81 AD2d 684). In addition, any

error committed must be viewed as harmless in light of the overwhelming proof of defendant's guilt, consisting of undisputed evidence of his unlawful entry, possession of a flashlight and crowbar, and attempted flight when the police arrived, together with his admissions to the police.

Finally, there is no merit in defendant's claim that his sentence of a term of imprisonment, as a second felony offender, of 3½ to 7 years is harsh and excessive. The judgment should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.