■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK PIPIA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered March 15, 1984, convicting him of criminal sale of a controlled substance in third degree, following a nonjury trial, and imposing sentence.

Judgment affirmed.

Defendant has failed to preserve for appellate review his contention that the in-court identification made by the undercover detective was impermissibly bolstered by the testimony of the arresting officer *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818), and the interest of justice does not warrant a reversal since any bolstering which may have occurred was harmless in light of other evidence of defendant's guilt beyond a reasonable doubt *(see, People v Mobley,* 56 NY2d 584; *People v Echeveria-Brand,* 100 AD2d 974; *People v Gilley,* 91 AD2d 1073). Defendant also failed to preserve for appellate review his contention that the prosecutor improperly remarked in summation that it had "been established without any controversion" that defendant sold a quantity of cocaine to the undercover detective *(see, People v Nuccie, supra; People v*

*Gonzalez,* 102 AD2d 895). In any event, the remark did not deprive defendant of a fair trial *(see, People v Johnson,* 104 AD2d 453; *People v Jones,* 104 AD2d 706).

The trial court properly denied defendant's motion for a *Wade* hearing *(see,* CPL 710.20 [6]; *United States v Wade,* 388 US 218). The identification of defendant by the undercover detective was clearly admissible since the detective's second meeting with defendant at the time of the arrest was not a police-arranged confrontation for the purpose of establishing defendant's identification *(see, People v Gissendanner,* 48 NY2d 543, 552; *People v Ballott,* 20 NY2d 600, 606; *People v Marrero,* 110 AD2d 785).

By order of this court dated September 18, 1985, defendant was instructed to serve and file his *pro se* supplemental brief on or before October 21, 1985 if he wished to have any additional contentions considered. No such brief has been submitted. O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.