■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VELTON BENDER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered July 17, 1984, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered on the second count of the indictment charging the defendant with robbery in the third degree. The first count of the indictment charging the defendant with robbery in the second degree, is dismissed.

The defendant was charged with robbery in the second degree, in that he committed a robbery while aided by another person actually present, and robbery in the third degree.

In substance, the complainant testified that the defendant had chased him, kicked him and caused him to fall to the ground. As the complainant got up, he observed the defendant standing two feet away from him, and an individual whom the complainant had earlier seen with the defendant standing 15 feet away. The complainant then asked the defendant "what do you want, my money?", and gave him a $20 bill. The defendant took the bill and asked the complainant if he had any more money. When the complainant responded that he did not, the defendant grabbed his wallet and looked for himself, then left with the other individual.

During the course of the defendant's trial, the officer who arrested him testified that after the complainant advised the police of what had occurred and pointed the defendant out to them, the defendant began to run and was pursued by the police until he was subdued after a struggle and arrested. During cross-examination, for the purpose of countering the officer's testimony that the defendant had struggled when he was arrested, defense counsel asked the arresting officer if the defendant, while in custody, had told him that he had not committed the crime. The officer responded that he had made that statement.

On the theory that by eliciting this information from the officer, defense counsel opened the door to other statements made by the defendant to the police, the trial court allowed the prosecution to present testimony regarding an illegally obtained, previously suppressed statement made by the defendant. Thus, as part of the prosecution's case-in-chief, a police detective testified, in substance, that the defendant told him that his friend approached the complainant and asked for money. After the complainant gave the friend $20, the defendant and his friend walked away. The friend then gave the defendant the $20 bill, which he threw away as the police approached.

It is well settled that a statement obtained in violation of a defendant's *Miranda* rights is not admissible as evidence-in-chief, but may be used to impeach a defendant who chooses to take the stand and whose testimony is inconsistent with his illegally obtained statement *(see, People v Harris,* 25 NY2d 175, *affd* 401 US 222). However, in the case at bar, the defendant never took the stand. Therefore, he gave no testimony which could be impeached by the suppressed statement.

Although it is true that matters raised by the defendant may be pursued by the prosecutor even though initially the People may be barred from invoking an original line of inquiry as to the subject *(see, People v Singletary,* 54 AD2d 767), the question asked of the arresting officer by defense counsel was narrowly tailored to fit the officer's testimony. He was not asked whether defendant had ever made a statement. Nor did counsel ask the detective who took the statement whether defendant had ever made a statement. Had counsel done so, the detective may have been entitled to tell of the suppressed statement on the theory that defense counsel had opened the door to this line of inquiry. But the answer given by the defendant to the arresting officer and the statement taken by the detective some seven hours after the defendant's arrest were not sufficiently related to allow the latter statement to be introduced into evidence in the People's case-in-chief.

Since the defendant's statement contained the only evidence presented at trial of any involvement in the crime of the defendant's companion, and since the defendant was found guilty of robbery in the second degree on the basis of being aided by another person actually present *(see,* Penal Law § 160.10 [1]), the error of admitting the statement was not harmless *(see, People v Crimmins,* 36 NY2d 230, 237). There-

fore, a new trial is ordered as to the charge of robbery in the third degree only. Bracken, J. P., Brown, Niehoff and Eiber, JJ., concur.