■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO GALARZA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered August 2, 1984, convicting him of robbery in the first degree (two counts), and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the hearing court erred in refusing to suppress the lineup identification testimony of the complainant. The court's determination that the challenged lineup was fair and nonsuggestive is supported by the record, and we perceive no basis for disturbing that conclusion *(see, People v Prochilo,* 41 NY2d 759; *People v Gairy,* 116 AD2d 733). In any event, we note there was an independent basis for the in-court identification of the defen-

dant *(see, e.g., People v Adams,* 53 NY2d 241; *People v Friday,* 114 AD2d 970).

Furthermore, we find unpersuasive the defendant's contention that the testimony of a police officer impermissibly bolstered the identification testimony of the complainant in violation of *People v Trowbridge* (305 NY 471). The record reveals that the officer's testimony neither explicitly nor inferentially bolstered the complainant's account of her identification of the defendant from the lineup *(see, People v Lopez,* 123 AD2d 360). Moreover, the statements of the officer concerning the identification procedure were properly elicited to rebut defense counsel's earlier attack on the fairness of the lineup *(see, People v Gilley,* 91 AD2d 1073; *People v Singletary,* 54 AD2d 767).

The defendant has failed to preserve his remaining contention for appellate review *(see, People v West,* 56 NY2d 662; *People v Gonzalez,* 55 NY2d 720, *cert denied* 456 US 1010), nor do we find that reversal is warranted in the interest of justice. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.