THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANTZ ST. PIERRE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered August 20, 1982, convicting him of murder in the second degree (two counts), and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the identification testimony of Marie Teti, an eyewitness to the murder. Contrary to the defendant's position, the pretrial identification

procedures utilized by the police were not impermissibly suggestive *(see, People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020; *People v Malphurs,* 111 AD2d 266, *lv denied* 66 NY2d 616, 920). Moreover, even if we were of the view that these procedures were improper, it would not require the suppression of Teti's in-court identification of the defendant. The People established by clear and convincing evidence that the in-court identification was based upon Teti's observations of the defendant during the commission of the crime and thus had a basis independent of the pretrial identifications. Teti's aforesaid observations were made under good lighting conditions and in the course of a face-to-face confrontation.

The defendant has failed to preserve for appellate review his claim that he was denied a fair trial as a result of the police officer's testimony regarding Teti's pretrial identification of the defendant *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818; *People v Pipia,* 115 AD2d 782, *lv denied* 67 NY2d 888). In any event, we conclude that the admission of this testimony, although error *(see, People v Trowbridge,* 305 NY 471), does not warrant reversal since any bolstering which may have occurred was rendered harmless in light of the fact that other evidence clearly established the defendant's guilt beyond a reasonable doubt *(see, People v Mobley,* 56 NY2d 584; *People v Pipia, supra).*

The defendant's contention that he was unduly prejudiced by the admission into evidence of the hearsay testimony of Detective Corbett was similarly not preserved for appellate review by reason of the defendant's failure to object to that testimony at trial *(see,* CPL 470.05 [2]; *People v Cummings,* 109 AD2d 748). Moreover, the admission of that testimony does not warrant reversal since the record clearly indicates that the hearsay testimony, a major portion of which was elicited upon cross-examination of the detective, was utilized by the defense in an attempt to demonstrate that the defendant was wrongly accused.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.