■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MORABITO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered March 6, 1986, convicting him of burglary in the third degree, criminal mischief in the third degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant challenges the testimony of Police Officers Cirillo and Mandarine concerning their prearrest discovery of his name and address and their visit to that address on the basis that it improperly bolstered Officer Cirillo's in-court identification of him in violation of People v Trowbridge (305 NY 471) and suggested to the jury that he had a criminal record. It is clear that Police Officer Cirillo, who observed the defendant during the course of the burglary, recognized him

as a person he had seen numerous times scavenging on the street and, several hours after the crime at issue, saw him in the vicinity of the burglarized premises, was properly permitted to relate his own prior identification of the defendant, thereby lending strength to his in-court identification (see, CPL 60.30; People v Bayron, 66 NY2d 77, 81). Moreover, the challenged testimony neither explicitly nor inferentially bolstered Police Officer Cirillo's identification of the defendant in violation of the Trowbridge rule (People v Trowbridge, supra; see, People v Galarza, 126 AD2d 666). Even if introduction of such testimony may be said to constitute error, such error was harmless beyond a reasonable doubt (see, People v Pipia, 115 AD2d 782; People v Gilley, 91 AD2d 1073). Officer Cirillo's recognition of the defendant from his previous observations and his possession of an independent means of identifying the defendant coupled with the forensic evidence tying the defendant to the crimes charged precluded any significant probability that the jury would have acquitted the defendant had it not been for the alleged bolstering error (see, People v Johnson, 57 NY2d 969, 970; People v Mobley, 56 NY2d 584; People v Crimmins, 36 NY2d 230, 242).

Furthermore, we are not convinced that the mere fact that the police officers were able to obtain the defendant's name and address suggested to the jury that the defendant had a criminal record. A sidebar ruling of the trial court specifically limited the prosecutor's inquiry to elicitation of the fact of the discovery of the defendant's name and address by Officers Cirillo and Mandarine without revealing that another police officer provided the investigating officers with this information. The prosecutor's direct examination adhered to the limits of the sidebar ruling. However, on cross-examination of Officer Mandarine, defense counsel elicited the response that Officer Mandarine knew the defendant's address from "prior records". Defense counsel declined the trial court's offer to issue curative instructions with regard to this response. Since the offending response was evoked by the manner of cross-examination and the defendant refused the court's offer to instruct the jury, he should not now be heard to complain of its prejudicial effect (see, People v King, 91 AD2d 1073).

We have considered the defendant's remaining contention and find it to be without merit. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.