■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered March 23, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial by the admission of explicit and implicit bolstering testimony. We disagree. First, the defendant's claims of implicit bolstering are unpreserved for appellate review (see, CPL 470.05 [2]; People v Medina, 53 NY2d 951). In any event, we find that the admission of the improper bolstering testimony, while error (see, People v Trowbridge, 305 NY 471), does not warrant reversal (see, People v St. Pierre, 131 AD2d 520, 521). A review of the record indicates that the identification testimony was so strong that there was no issue with respect to the defendant's identity (see, People v Johnson, 57 NY2d 969; People v Mobley, 56 NY2d 584). The eyewitness' identification of the defendant was merely confirmatory since she recognized him from both school and the neighborhood and had been acquainted with

him for seven years *(see, People v Gilley,* 91 AD2d 1073). In light of the strong evidence of the defendant's identity and the overwhelming evidence of his guilt, we find that there is no significant probability that the jury would have acquitted him had it not been for the improper bolstering testimony *(see, People v Johnson,* 57 NY2d 969, *supra; People v Mobley,* 56 NY2d 584, *supra; People v St. Pierre,* 131 AD2d 520, *supra).*

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.