■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY POUGHT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.),

rendered April 10, 1985, convicting him of rape in the first degree (eight counts), sodomy in the first degree (six counts), sexual abuse in the first degree (two counts), robbery in the first degree (seven counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in denying his motion for a severance of the various rape, sodomy and related counts charged in the indictment with regard to seven separate incidents. The modus operandi of each of the seven attacks were remarkably similar and, thus, the charges were "joinable" pursuant to CPL 200.20 (2) (b) since proof of each would be material and admissible upon a trial of the others to prove identity of the perpetrator *(see, People v Beam,* 57 NY2d 241, 252; *People v Allweiss,* 48 NY2d 40, 48; *People v Molineux,* 168 NY 264).

Additionally, we conclude that suppression of the complainants' identification testimony was properly denied. The lineups, which were viewed separately by each of the complainants, were not, as the defendant contends, unduly suggestive since the photographs of the lineups reflect that each of the participants bore a sufficient physical resemblance to the defendant *(see, People v Mason,* 123 AD2d 720; *People v Cunningham,* 110 AD2d 708). Additionally, there is no evidence in the record to indicate that the police or prosecutor engaged in improper conduct during the lineup procedures.

We also reject the defendant's contention that the trial court erred in denying his motion for a mistrial based on the comment made by a prosecution witness during cross-examination which indicated that the defendant had previously been in prison. The court gave prompt curative instructions to the jurors and directed them to disregard this testimony. In view thereof, as well as the overwhelming proof of guilt, the error was harmless.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.