■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEINE FIGUEROA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), rendered June 5, 1985, convicting him of robbery in the first degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

This appeal arises from two robberies that occurred between 12:15 A.M. and 2:00 A.M. on December 30, 1983. The first robbery was of a driver of a gasoline delivery truck at around 12:15 A.M. and the other was of a gas station attendant at approximately 1:45 A.M.

The defendant contends that the evidence adduced at trial was insufficient to establish his guilt beyond a reasonable doubt. Viewing the evidence adduced at trial in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the

defendant's guilt. The evidence established that property was forcibly stolen from both victims by three males and two females who, during the course of the crime, displayed a sawed-off rifle and a handgun. Additionally, both witnesses properly identified the car used in the robbery and some of its contents, and the second victim identified the defendant as one of the perpetrators at both the scene of the arrest and at the trial. The trial court properly allowed evidence of the second robbery to be used as evidence to prove the defendant's identity as the perpetrator of the first robbery *(see, People v Molineux,* 168 NY 264; *People v Beam,* 57 NY2d 241).

Furthermore, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also argues that the court improperly joined the offenses because the two robberies were unrelated in time, place, victim, and method and were, therefore, only offered to demonstrate criminal propensity. We disagree. Not only may two offenses be joined when either would be material and admissible as evidence in chief for the other *(see,* CPL 200.20 [2] [b]; *People v McQueen,* 170 AD2d 696; *People v Pought,* 154 AD2d 628; *People v Clark,* 129 AD2d 724), but they may be also joined where, as here, the two offenses arise under the same or similar statutory provisions *(see, People v Jenkins,* 50 NY2d 981). Sullivan, J. P., Copertino, Pizzuto and Santucci, JJ., concur.