■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON BOOSE, Appellant. [653 NYS2d 52] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16), contending, *inter alia*, that County Court erred in denying his motion for a mistrial.

Pursuant to the court's direction, the prosecutor instructed an investigator from the Orleans County Drug Task Force not to refer in his testimony to defendant's prior parole violation hearing at which that investigator had testified. In response to a question on cross-examination, the investigator said that he remembered testifying at a prior proceeding but did not mention that it was a parole violation hearing. However, when a forensic chemist was asked on cross-examination by defense counsel whether he recalled testifying at a prior proceeding, the witness replied, "Parole hearing, yes, I do." In moving for a mistrial, defense counsel contended that the court had granted his motion requesting that all of the prosecution witnesses be instructed not to refer to the prior parole hearing. That contention is not borne out by the record. The court asked the prosecutor whether he had instructed the chemist not to refer to the parole hearing and the prosecutor stated that he had not. The court struck the chemist's response and gave curative instructions to the jury not to consider in any way the reference to the parole hearing and to draw no inference from it. The following morning the court denied the motion for a mistrial, stating that the reference to the parole hearing was inadvertent and was not elicited by the prosecutor. We affirm.

The decision to grant or deny a mistrial rests within the sound discretion of the trial court (*see, People v Rice*, 75 NY2d 929, 932-933). Under the circumstances, the court did not abuse its discretion by denying defendant's motion (*see, People v McCray*, 227 AD2d 900; *People v Johnson*, 219 AD2d 809, 810, *lv denied* 87 NY2d 903; *People v Vance*, 218 AD2d 765, 766, *lv denied* 87 NY2d 851). Further, any possible inference that defendant had a prior criminal record was harmless in light of the strong evidence of defendant's guilt.

We have reviewed the contention of defendant raised in his *pro se* supplemental brief and conclude that it is lacking in merit. (Appeal from Judgment of Orleans County Court, Punch, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.