(January 17, 2002)

■ The People of the State of New York, Respondent, v Solomon J. Jones, Jr., Appellant. [736 NYS2d 192] —Rose, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered February 7, 2000, upon a verdict convicting defendant of the crime of burglary in the second degree.

Upon his conviction for entering and taking personal property from an apartment in the City of Binghamton, Broome County, defendant was sentenced as a second violent felony offender to a determinate prison term of 8½ years. He now appeals.

We find no merit in defendant's contention that his conviction should be reversed because his status as a parolee was improperly disclosed to the jury despite County Court's *Sandoval* ruling precluding any mention of prior parole violations. Due to defendant's failure to either object to the prosecution's alleged violation of that ruling or request a curative instruction, the issue is unpreserved for our review (*see*, CPL 470.05 [2]; *People v Walker*, 249 AD2d 15, 16; *People v Valenti*, 199 AD2d 617, 618, *lv denied* 83 NY2d 811). Were we to review it, we would nevertheless find any error resulting from the arresting officer's fleeting mention of a parole hearing on cross-examination to be harmless in light of the overwhelming proof of defendant's guilt (*see, People v Boose*, 234 AD2d 911, 912, *lv denied* 89 NY2d 984).

We also disagree with defendant's contention that the evidence was legally insufficient to sustain his conviction and that the jury failed to properly weigh the evidence. Evidence is legally sufficient where, " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Contes*, 60 NY2d 620, 621, quoting *Jackson v Virginia*, 443 US 307, 319 [emphasis in original]; *see, People v Cabey*, 85 NY2d 417, 420; *People v Board*, 268 AD2d 795, 796). Here, police officer Christopher Bracco testified that, near a building located only a short distance from the apartment in question, he had observed defendant carrying luggage containing items of property later determined to belong to the residents of the apartment. When defendant attempted to flee, Bracco pursued and apprehended him. The luggage was then found near where Bracco had first observed defendant, and additional stolen property, including the wallet of one of the victims, was found later in a chair in a police station hallway where defendant had been held in custody. In addition, the testimony of a forensic scientist established that pieces of glass found in defendant's sneaker were consistent with broken glass found at the apartment. Although this evidence is circumstantial, the jury could have reasonably inferred that defendant was the person who burglarized the apartment from his unexplained and exclusive possession of the victims' property, his flight from Bracco and the pieces of glass in his sneaker. Our independent review of the trial evidence (*see, People v White*, 261 AD2d 653, 656, *lv denied* 93 NY2d 1029) also leads us to conclude that the jury accorded the evidence its proper weight (*see, People v Bleakley*, 69 NY2d 490, 495).

Finally, in light of defendant's extensive criminal record, we are unpersuaded that his age and illnesses render the sentence harsh and excessive (*see, People v Mayerhofer*, 283 AD2d 672, 675; *People v Gaddy*, 191 AD2d 735, 736, *lv denied* 82 NY2d 718).

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.