■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE YOUNG, Appellant. [737 NYS2d 883] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bruno, J.), rendered February 24, 1998, convicting him of sexual abuse in the second degree (two counts), sexual abuse in the third degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of sexual abuse in the second degree and sexual abuse in the third degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt of those crimes was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Furthermore, the trial court providently exercised its discretion in denying the defendant's motion for a mistrial based upon the brief references to his criminal record and prior incarceration made by the 15-year-old complainant. Although a curative instruction would have been appropriate to alleviate any potential prejudice (*see, People v Singletary,* 270 AD2d 903; *People v Pought,* 154 AD2d 628), the defense counsel declined the court's offer of this less drastic remedy (*see, People v Young,* 48 NY2d 995, 996; *People v Wolf,* 284 AD2d 102; *People v Brown,* 194 AD2d 682). In any event, the references to the defendant's criminal history were harmless in view of the overwhelming evidence of his guilt (*see, People v Crimmins,* 36

NY2d 230, 241-242; *People v Boose,* 234 AD2d 911; *People v Vance,* 218 AD2d 765).

The defendant's contention that he was denied the effective assistance of counsel is without merit. Considering the totality of the circumstances existing at the time of representation, counsel provided the defendant with meaningful representation (*see, People v Benevento,* 91 NY2d 708, 713; *People v Baldi,* 54 NY2d 137).

The defendant's remaining contention is unpreserved for appellate review. Feuerstein, J.P., Krausman, Schmidt and Cozier, JJ., concur.