■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY CROSBY, Appellant. [790 NYS2d 524]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered June 13, 2003, convicting him of criminal possession of a controlled substance

in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree, criminally using drug paraphernalia in the second degree (two counts), endangering the welfare of a child, and criminal possession of marijuana in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hollie, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court's denial of that branch of the defendant's motion which was to suppress a bag of crack-cocaine found in the pocket of his jeans was proper. The hearing court credited the testimony of the arresting officer that the defendant, although rear handcuffed, physically and verbally motioned and verbally referred to a pair of jeans on the bedroom floor, and in response to the officer affirmed that the officer picked up the correct pair. The defendant was assisted into the jeans, and the officer immediately searched the jeans for weapons or contraband, finding a small bag of crack-cocaine in a pocket. Contrary to the defendant's contention, this testimony was not incredible as a matter of law in that it was not " 'manifestly untrue, physically impossible, contrary to experience or self-contradictory' " (*People v Garafolo,* 44 AD2d 86, 88 [1974], quoting 22 NY Jur, Evidence § 649).

Furthermore, the Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial (*see People v Young,* 291 AD2d 578 [2002]; *People v Panzarino,* 282 AD2d 292, 293 [2001]; *People v Vance,* 218 AD2d 765, 766 [1995]). Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.