OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed.
After a jury trial, defendants were convicted of robbery in the first degree in connection with the beating and robbing of a man on a Bronx street. Defendant Blackwell was also convicted of criminal possession of a weapon in the second degree and reckless endangerment in the first degree.
Defendants argue that the trial court erred in admitting certain testimony by three police officers. The officers testified, over objection, that the victim pointed to defendants when he confronted them shortly after the robbery. There is no question that the testimony of the officers improperly bolstered the victim’s testimony. As such, it should have been excluded (see People v Trowbridge, 305 NY 471). That the officers described the victim’s gestures, rather than his oral statements, is immaterial.
The error in admitting the officers’ testimony, however, must be considered harmless. The standard of harmlessness in a Trowbridge error case is whether “the evidence of identity is so strong that there is no substantial issue on the point” (People v Malloy, 22 NY2d 559, 567; People v Caserta, 19 NY2d 18, 21), sometimes expressed as whether the evidence of identification is “clear and strong” (People v Johnson, 32 NY2d 814, 816; People v Milburn, 19 NY2d 910, 911).
Although the evidence in the instant case was largely circumstantial, it confirms the reliability of the victim’s *586 identification. The two defendants matched the general physical description of the robbers given by an eyewitness — one tall, the other short and heavyset. The defendants were apprehended in an apartment in the same building where the two perpetrators were seen to have fled, and present in the apartment was a third man whom the victim also identified as having been in defendants’ company moments before they accosted and robbed him. The owner of the apartment testified that defendants and the third man had left the apartment for a one-half hour period, which corresponded precisely with the time of the robbery’s occurrence, and that they had returned to the apartment with money that they then gave to her for the purchase of liquor. Also, alongside of one of the defendants, who was found hiding under a bed in the apartment, was a gun that matched in size, shape and color the weapon wielded in the crime. When these facts are considered together with the victim’s opportunity to observe during the robbery and his prior sightings of one of the defendants, as well as the unobjected-to testimony concerning the victim’s gestures when confronted after the robbery with the defendants, the evidence of identification and of guilt is not only clear and strong, it is overwhelming.
Finally, those of defendants’ other contentions that have been preserved are without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
In each case: Order affirmed in a memorandum.