■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SCHIFF, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Clinton County (Plumadore, J.), rendered December 10, 1985, upon a verdict convicting defendant of the crimes of sodomy in the second degree and sodomy in the third degree.

Defendant was charged in an 11-count indictment with second and third degree sodomy and endangering the welfare of a child based on incidents where he was alleged to have engaged in oral sex with a 12-year-old boy and a 16-year-old boy. The case went to trial on two counts of second degree sodomy and one count of third degree sodomy. At trial, the two victims testified regarding their sexual encounters with defendant. Defendant testified on his own behalf and denied the accusations. Further, he testified that one of the boys had asked him for money and he refused. He alleged that it was after such refusal that the boy reported the incident to police. One count of second degree sodomy was dismissed at the close of the evidence. The jury found defendant guilty of the two remaining counts and the trial court imposed consecutive indeterminate terms of imprisonment of 2⅓ to 7 years and 1⅓ to 4 years. This appeal ensued.

Defendant contends that the verdict was against the weight of the evidence. We disagree. This case presented issues of credibility. The victims' testimony clearly supported the verdict. Defendant's denial along with his testimony about the one boy's request for money simply presented an issue of credibility for the jury to resolve. We note that it was not the boy who requested the money who made the initial report to the police, but the other victim. Further, while the boys' testimony had some inconsistencies, they were not on important matters. Viewing the evidence in the light most favorable to the People (see, People v Gaito, 98 AD2d 909, 910), there was sufficient evidence to prove beyond a reasonable doubt all of the elements of the crimes of which defendant was found guilty.

Defendant also alleges as error the introduction into evidence of five nude photographs of one of the victims found in a search of defendant's office. One of the photographs depicted the victim engaged in oral sex with an unidentified male. While the introduction of these photographs was highly prejudicial to defendant, the issue is whether they were relevant to any issue in the case. Defendant's testimony and his cross-examination of this boy suggested that he falsely reported the sexual assaults to authorities in retaliation for defendant refusing his request for money. He denied any sexual encounters with the boy. Clearly, the fact that defendant possessed nude photographs of the boy, which had been taken in defendant's office, belies defendant's contention. Thus, the photographs were relevant to an issue in the case and were properly admitted into evidence.

Turning to the prosecutor's summation, while some improper comments were made, such as vouching for the credibility of a witness, read in the context of the entire summation, the errors were not of such magnitude as to deprive defendant of a fair trial.

We have considered the remaining issues advanced by defendant and found them without merit.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.