■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRADY HAGGRAY, Appellant.—Levine, J. Appeal from a judg-

---

ment of the County Court of Albany County (Aison, J.), rendered June 29, 1989, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Defendant was arrested after a 45-minute surveillance of him in his vehicle, which was parked on North Swan Street in the City of Albany. A search of his person resulted in the seizure of three packets of a white powdery substance later determined to be cocaine. Following his indictment, defendant's motion to suppress the seized evidence was denied. Defendant was convicted after a jury trial of criminal possession of a controlled substance in the third degree. This appeal followed.

On appeal, defendant's primary ground for reversal is that the physical evidence was seized as the result of an illegal arrest. Analyzing first the legality of the initial encounter between defendant and the police, the testimony at the suppression hearing was that Police Detectives Ronald McLaughlin and David Packard had been alerted by a report from a fellow police officer that a black male in a Cadillac automobile was allegedly selling narcotics in the vicinity where defendant's vehicle was parked, that they had spotted the vehicle in the area on one or two prior occasions and that, over the 45-minute surveillance period, they observed five or six individuals approach defendant in his car and either converse briefly with him or enter the car and then exit shortly thereafter. Under these circumstances, the detectives clearly had an objective credible basis for approaching defendant's vehicle and requesting identification (see, People v De Bour, 40 NY2d 210, 220, 223; People v Heston, 152 AD2d 999, 999-1000, lv denied 76 NY2d 858, 940).

We turn next to whether there was in fact probable cause for defendant's arrest. The facts, as found by County Court after the suppression hearing, were that before defendant was ordered out of the vehicle, McLaughlin observed in plain view several clear plastic packets of green vegetable matter which he believed to be marihuana and that he conveyed this information to Packard. This observation, coupled with the earlier activity witnessed by the detectives, was sufficient to establish probable cause for defendant's arrest (see, People v Heston, supra, at 1000; People v Hill, 148 AD2d 546, 547; see also, People v D'Ambrosi, 137 AD2d 703, 703-704).

We also disagree with defendant's contention that there was not an adequate foundation for the introduction of the physical evidence at trial. Defendant urges that a gap in the chain

of custody occurred after the evidence was tested at the State Police laboratory. However, it is well established that proof of a complete chain of custody may be excused where there are reasonable assurances of the identity and unchanged condition of the evidence (see, *People v Julian,* 41 NY2d 340, 343; *People v Piazza,* 121 AD2d 573, 574, *lv denied* 68 NY2d 916). Here, such assurances were provided by the testimony of Michael Clifford, a State Police chemist, who stated that after analyzing the evidence he heat-sealed it in a large plastic bag and initialed the seals. Clifford testified at trial that the seals remained intact and that the bag was unaltered. Moreover, since the testing was completed prior to the challenged gap in the chain of custody, there is no possibility that any prejudicial alteration occurred (see, *People v Julian, supra,* at 344).

Finally, we reject defendant's claim that the People failed to prove the necessary element of intent (see, Penal Law § 220.16 [1]). The proof at trial regarding the number of individuals who approached defendant's parked vehicle and the packaging of the cocaine provided sufficient circumstantial evidence from which the jury could have inferred that defendant possessed the cocaine with intent to sell (see, *People v Ozarowski,* 38 NY2d 481, 489; *People v McGrath,* 115 AD2d 128, 129, *lv denied* 67 NY2d 654).

Judgment affirmed. Weiss, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.