■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL T. KELLY, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered July 21, 1983, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree.

On March 1, 1983 at approximately 4:15 A.M., City of Albany Police Officer Thomas Vadney received a radio transmission describing a white female and a black male, last seen running south on Lark Street, who were wanted in connection with a mugging which had occurred in the vicinity of Salvino's Bar. Vadney saw defendant and Anna McClintock, who fit the description, running east on Hamilton Street and ultimately stopped them in front of 333 Hamilton Street. When questioned, defendant and McClintock each stated that they had come from Lark Street. Almost immediately thereafter, two additional police units arrived on the scene, Police Officer Theresa Barringer in one unit and Detectives Michael Sbuttoni and Charles Krikorian in the other. In response to Vadney's request, defendant and McClintock agreed to return with the police to the scene of the robbery on Washington Avenue. McClintock accompanied Vadney and Barringer, and defendant rode with the detectives. Before defendant entered the police car, Sbuttoni conducted a pat-down search. Feeling a hard object in defendant's pocket, Sbuttoni reached in and removed a pocket watch. After determining that the object was not a weapon, Sbuttoni returned it to defendant. When they arrived at the crime scene, the victim identified defendant and McClintock as the individuals who had robbed him. Defendant and McClintock were then placed under arrest,

---

advised of their rights and searched. The search of defendant's person disclosed the pocket watch, identified by the victim as the one taken from him in the robbery. Defendant was indicted for two counts of robbery in the second degree and convicted of both counts following trial. This appeal ensued.

The primary contentions advanced on appeal concern the propriety of Sbuttoni's pat-down search of defendant at 333 Hamilton Street and the resulting temporary "seizure" of the pocket watch. However, the questions of whether Sbuttoni was entitled to conduct the pat down or remove the watch from defendant's pocket are irrelevant in view of the fact that the watch was returned to defendant and the subsequent postarrest search produced the very same evidence. Knowledge acquired as a result of the pat-down search did not lead to the subsequent seizure of the watch. Defendant agreed prior to the pat down to accompany the police to the crime scene and it was the victim's identification which provided probable cause for defendant's arrest. Once placed under arrest, it was inevitable that defendant would be searched for weapons or fruits of the crime (see, People v Silver, 178 AD2d 499, lv denied 79 NY2d 953). Similarly, any evidence obtained as the result of Sbuttoni's "seizure" was cumulative of that obtained as the result of the subsequent lawful search.

In the absence of timely objection, the claim that testimony of McClintock, Vadney and Sbuttoni impermissibly bolstered the victim's showup identification of defendant was not preserved for appellate review (see, CPL 470.05 [2]). Moreover, the challenged testimony of Vadney was elicited by defendant on cross-examination and related to the victim's identification of McClintock, not defendant. Further, in view of the overwhelming evidence of defendant's guilt, including eyewitness accounts of the victim and McClintock, any error in receiving the bolstering testimony of Sbuttoni and McClintock was harmless (see, People v Mobley, 56 NY2d 584, 585). Finally, on this record there is no support for the contention that defendant was denied effective assistance of counsel.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.