■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS GUILLEBEAUX, Appellant. [645 NYS2d 59] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered December 17, 1993, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor's comments during summation shifted the burden of proof to him. We disagree. The prosecutor's comments about the defendant's failure to present a certain alibi witness were a fair response to defense counsel's own summation and a fair comment within " 'the four corners of the evidence' " (People v Ashwal, 39 NY2d 105, 109; People v Stephens, 161 AD2d 740). Since the defendant elected to present an alibi defense, the prosecutor's comments did not constitute an impermissible effort to shift the burden of proof (People v Tankleff, 84 NY2d 992). As the comments were not made in bad faith and were merely efforts to persuade the jury to draw inferences favorable to the People, they were not improper (People v Tankleff, supra, at 994). In addition, defense counsel made his own summation comments on the subject, and, in fact, spoke about the alibi witness's absence at greater length than did the prosecutor.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Rosenblatt, Pizzuto and Hart, JJ., concur.