■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONDI YOUMANS, Appellant. [738 NYS2d 756] —Mugglin, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered January 29, 1996, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

At defendant's trial on a charge of promoting prison contraband in the first degree, the People's evidence established that defendant, an inmate at Elmira Correctional Facility in Chemung County, was observed leaving his seat at a table in the dining hall and running toward a fight which had broken out in another area of the hall. He was restrained by two correction officers who escorted him from the hall and who testified that, during the ensuing frisk of defendant, they relieved him of a 6½-inch shank which he was holding in his hand. After the People rested, defendant testified that he observed that his cousin was involved in the fight and he ran to his aid and obtained the shank by disarming a prisoner who was about to stab his cousin. On summation, defense counsel commented on the People's failure to recall the correction officers to rebut defendant's testimony. The prosecutor commented on defendant's failure to call his cousin as a witness. Defense counsel immediately registered an objection to the prosecutor's comment, and County Court gave an immediate curative instruction. Defendant was convicted of the charge and sentenced to an indeterminate prison term of 3½ to 7 years to be served consecutively to the sentence he was then serving. On appeal, defendant asserts first, that the prosecutor's comments were an impermissible and prejudicial attempt to shift the burden of proof to defendant, second, that his conviction is against the weight of the evidence and, third, that his sentence is harsh and excessive. We affirm, finding each of these arguments to be lacking in merit.

With respect to defendant's first argument, it is settled law that the prosecution may not ordinarily comment on a defendant's failure to call witnesses (see, People v Rodriguez, 38 NY2d 95, 98; People v Conklin, 39 AD2d 160, 162). However, where the defendant presents evidence with regard to a material witness, the prosecution does not impermissibly shift the burden of proof by commenting in summation on the defendant's failure to call that witness (see, People v Diaz, 254 AD2d 94, lv denied 93 NY2d 852). Moreover, the prosecution may comment upon the failure to present a certain witness where it is a fair response to defense counsel's summation (see, People v Tankleff, 84 NY2d 992, 994-995; People v Guillebeaux, 229 AD2d 399, lv denied 88 NY2d 1021). Our review of the record leads to the conclusion that the brief comment made by the prosecutor did not impermissibly shift the burden of proof and was made in response to defendant's testimony and summation. Moreover, even if the prosecutor's reference to defendant's failure to call a witness may be viewed as impermissible, it was immediately rectified by a curative instruction (see, People v Ramos, 205 AD2d 404, 405, lv denied 84 NY2d 831).

Defendant's claim that his conviction was against the weight of the evidence is premised on his assertion that the jury improperly credited the testimony of the correction officers over his own. Applying the familiar standards (see, *People v Bleakley*, 69 NY2d 490, 495; *People v Siler*, 288 AD2d 625, 627), we have reviewed the credible evidence and have concluded that an alternate conclusion would not have been unreasonable. Therefore, we have weighed the probative value of the conflicting testimony to determine whether the jury afforded proper weight to the trial evidence. This process leads to the conclusion that the verdict should not be disturbed as, on this record, we cannot say, after according deference to the jury because of its opportunity to view the witnesses (see, *People v Livingston*, 262 AD2d 786, 787, *lv denied* 94 NY2d 881), that the jury improperly credited the testimony of the correction officers and their version of the events over that offered by defendant.

Lastly, defendant asserts that the imposition of the maximum sentence permissible was harsh and excessive in light of the fact that no one was injured by him and, according to his version of the facts, his possession of the shank was brief, he was acting in defense of a family member and he obtained the shank only by disarming an inmate who was attempting to use it to stab his cousin. We find these arguments to be either unavailing or unsupported by the record. Moreover, since the sentence is within permissible statutory ranges and we discern no abuse of discretion or extraordinary circumstances warranting modification, we refuse to disturb it (see, *People v Hines*, 277 AD2d 504, 505, *lv denied* 96 NY2d 759). Defendant's numerous prior convictions, many of which involve the commission of violent crimes, mitigate against our modifying the sentence in the interest of justice.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.