■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD MAURICE HOWARD, Appellant. [761 NYS2d 115] —Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered January 31, 2002, upon a verdict convicting defendant of the crimes of assault in the second degree and unlawful imprisonment in the first degree.

Defendant was indicted for attempted assault in the first degree, assault in the second degree and unlawful imprisonment in the first degree stemming from a May 2001 incident in which he and his twin brother, Arnold Marcus Howard, restrained and assaulted 15-year-old Dovon Jones in the City of Schenectady, Schenectady County. Jones testified that he voluntarily entered a car driven by Howard, who drove a short distance to where defendant was waiting. When Jones attempted to exit the car, defendant shut the car door on his leg. Defendant then slashed Jones' leg above the knee with a knife, causing a cut of approximately three inches. Defendant entered the car and Jones was driven to Parkview Cemetery, where the two brothers struck him with brass knuckles and a baseball bat. Jones was directed to get back into the car and was driven to his grandfather's house. He was told by defendant to retrieve $150 for defendant from his grandfather's house and was further told that he would be shot if he contacted the police. Jones' grandfather, Charles Wilkins, was home and, upon seeing Jones, transported him to a hospital.

Following a jury trial, defendant was convicted of assault in the second degree and unlawful imprisonment in the first degree. Defendant's motion to vacate the unlawful imprisonment conviction on the ground that it merged with the assault count was denied by County Court. Defendant was sentenced to 5 years in prison for the assault conviction and a concurrent prison term of 1 to 3 years for the unlawful imprisonment conviction. Defendant appeals.

Defendant initially contends that the People improperly elicited hearsay testimony from Wilkins. On direct examination of Wilkins, the People attempted to question him, under the excited utterance exception to the hearsay rule, regarding

remarks that Jones made to him about the incident when Jones entered his home. Defense counsel's objection was sustained. On cross-examination, defense counsel questioned Wilkins regarding Jones' move to Virginia. On redirect, the prosecutor asked a question to clarify the reason that Jones had moved (*see People v Conway*, 297 AD2d 398, 399-400 [2002], *lv denied* 99 NY2d 581 [2003]), resulting in Wilkins' response that Jones' life had been threatened by "the ones that had cut him * * * the two brothers, two twins." To the extent that this redirect may have implicated hearsay evidence, the issue was unpreserved by an objection (*see* CPL 470.05 [2]) and reversal in the interest of justice is not warranted since our review of the record reveals "any alleged error was of insufficient magnitude and did not deprive defendant of a fair trial" (*People v Fallen*, 249 AD2d 771, 772 [1998], *lv denied* 92 NY2d 879 [1998]; *see People v Miller*, 239 AD2d 787, 788 [1997], *affd* 91 NY2d 372 [1998]; *People v Schiff*, 125 AD2d 756, 758 [1986], *lv denied* 69 NY2d 717 [1986]).

We are unpersuaded by defendant's argument that an adequate foundation was not laid for the admission into evidence of the baseball bat used to assault Jones. The evidentiary foundation for real evidence alleged to be an actual object associated with a crime requires the offering party to establish "first, that the evidence is identical to that involved in the crime; and, second, that it has not been tampered with" (*People v Julian*, 41 NY2d 340, 342-343 [1977]). The failure to establish a complete chain of custody "may be excused where there are reasonable assurances of the identity and unchanged condition of the evidence" (*People v Haggray*, 173 AD2d 962, 964 [1991], *lv denied* 78 NY2d 966 [1991]) and, in such circumstances, the weakness in the chain goes to the weight accorded the evidence (*see People v Anderson*, 290 AD2d 658, 659 [2002], *lv denied* 97 NY2d 750 [2002]). Ken Kutil, the officer who recovered the bat from the car used by the twin brothers, was ill at the time of trial and, thus, the People called Van Stathis, a detective and evidence technician for the Schenectady Police Department. By referring to a report prepared by Kutil, which had been received into evidence, Stathis testified that the bat was removed from a car registered to "Arnold M. Howard" that had been found on Division Street in Schenectady. Stathis related that the bat had been stored in a vault in the property room, the bat had Kutil's initials carved in it and stickers on the bat had an incident number and case number that matched defendant's case. Moreover, Jones had testified earlier in the trial that the bat was "identical" to the one used to assault him. Under such circumstances, there were sufficient reason-

able assurances of the identity and unchanged condition of the bat to permit it to be received into evidence and, as stated by County Court, the weaknesses in the foundation went to the weight of the evidence.

Next, we address defendant's argument that his unlawful imprisonment conviction should be vacated under the merger doctrine. "The merger doctrine is intended to preclude conviction for kidnapping and related offenses based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without those acts and independent criminal responsibility may not be fairly attributed to them" (*People v Geaslen*, 54 NY2d 510, 516-517 [1981] [citation omitted]; *see People v Gonzalez*, 80 NY2d 146, 153 [1992]). The doctrine is designed to recognize " 'preliminary, preparatory, or concurrent action' " (*People v Dinsio*, 286 AD2d 517, 520 [2001], *lv denied* 97 NY2d 703 [2002], *cert denied* 536 US 942 [2002], quoting *People v Miles*, 23 NY2d 527, 539 [1969], *cert denied* 395 US 948 [1969]), and it is applicable "when the conduct underlying the * * * unlawful imprisonment charge is incidental and inseparable from another crime" (*People v Blanchard*, 177 AD2d 854, 855 [1991], *lv denied* 79 NY2d 918 [1992]). Here, after the assault was completed at Parkview Cemetery, Jones was directed by defendant to get back into the car, where he was threatened and told to obtain money for defendant. He was driven to his grandfather's house and was supposed to get money for defendant from such location. In our view, these acts were committed after the assault was completed, constituted a separate crime and the merger doctrine is thus inapplicable (*see People v Dinsio, supra* at 520).

Defendant's remaining arguments—including that the People attempted to introduce evidence of uncharged crimes and that defendant received ineffective assistance of counsel—have been considered and found unpersuasive.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.