■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE SMITH, Appellant. [784 NYS2d 228]—

Crew III, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered December 13, 2002 in Albany County, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree, attempted robbery in the first degree and attempted robbery in the second degree.

On the night of January 23, 2002, defendant and a friend were walking on Ontario Street in the City of Albany, when they encountered one Michael Pascarelli. Defendant and his friend approached Pascarelli and demanded money from him. Thereafter, Pascarelli and defendant's friend engaged in a physical confrontation and, after Pascarelli successfully forced his attackers away from him, defendant and his friend left the area. Pascarelli immediately reported the incident to the Albany police. Defendant and his friend continued on to Quail Street, where they encountered Douglas Merriott. As with Pascarelli, defendant and his friend demanded money from Merriott. After Merriott handed over $86 in cash to defendant and his friend, they walked away.

While the confrontation with Merriott was taking place, a police officer drove to the corner of Madison Avenue and Ontario Street, met with Pascarelli and began driving around the vicinity in search of Pascarelli's attackers. While on Quail Street, the police officer and Pascarelli observed two persons, one of whom

was defendant, who Pascarelli identified as his attackers. As a consequence, defendant and his friend were arrested and Merriott, who also had notified the police, was transported to the scene by a police officer and identified defendant and defendant's friend as his attackers.

As a consequence, defendant was indicted for the crimes of robbery in the first degree, robbery in the second degree, attempted robbery in the first degree and attempted robbery in the second degree. Following a jury trial, defendant was convicted as charged and sentenced to concurrent terms of imprisonment, the longest of which is 10½ years. Defendant now appeals.

We affirm. Initially, we reject defendant's claim that the police lacked probable cause for his arrest. It is axiomatic that a police officer may make an arrest without a warrant where he or she has sufficient information to form a reasonable basis that a crime has been committed (*see e.g. People v Bell*, 5 AD3d 858, 859 [2004]; *People v Muir*, 3 AD3d 597, 598 [2004], *lv denied* 1 NY3d 631 [2004]). Clearly, given the information the police had from Pascarelli and Merriott concerning the events of the evening and the positive identification by both, there existed probable cause to arrest him.

We likewise reject defendant's contention that the showup identifications should have been suppressed. Here, there is nothing to suggest that the showup identifications were unduly suggestive and, inasmuch as they were conducted in close geographic and temporal proximity to the crimes, we conclude that they were reasonable and permissible (*see e.g. People v Jackson*, 2 AD3d 893, 895 [2003], *lv denied* 1 NY3d 629 [2004]).

Finally, while we agree that it was error for certain of the People's witnesses to render testimony that bolstered Pascarelli's identification of defendant, we find the error to be harmless in view of the overwhelming evidence of guilt and the clear and prompt curative instructions given to the jury by Supreme Court (*see e.g. People v Smith*, 266 AD2d 639, 641 [1999], *lv denied* 94 NY2d 907 [2000]).

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.