■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. MILLER, Appellant. [786 NYS2d 650]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Holloran, J.), rendered November 9, 2001, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the seventh degree (two counts).

During the course of a drug investigation, a confidential informant working with the City of Schenectady Police Department made two controlled buys of narcotics from defendant at his residence in the City of Schenectady, Schenectady County. Based on these buys, a search warrant was obtained for the residence. When it was executed, six people were found at various locations throughout the house, including defendant who, with a female, was in bed watching television. The search uncovered narcotics and drug paraphernalia in the kitchen area, the living room area, in two bedrooms and in the sock of one occupant. After a jury found defendant guilty of criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the seventh degree (two counts), he was sentenced to a variety of concurrent determinate and indeterminate terms of imprison-

ment aggregating five years to life. Defendant appeals, challenging the sufficiency and weight of the trial evidence, the effectiveness of trial counsel and the severity of his sentence.

Defendant argues that there is insufficient evidence that he possessed any controlled substances as none was found on his person. The prosecution's case rested upon a theory of constructive possession which requires satisfactory evidence that defendant exercised dominion and control over the property or the person who actually possessed the drugs (see People v Manini, 79 NY2d 561, 572-573 [1992]; People v Bailey, 295 AD2d 632, 633 [2002], lv denied 98 NY2d 766 [2002]; People v Tarver, 292 AD2d 110, 114 [2002]). The record reflects that the premises searched was defendant's residence, that he was the record owner and that the drugs were found, both in plain view and secreted, in reasonable proximity to him. Notably, numerous controlled buys, other than those for which defendant was indicted, were made at defendant's premises. Moreover, much of the crack cocaine recovered was in chunks larger than normally sold for personal consumption. Paraphernalia used to cut, weigh and package the cocaine was found. Under such circumstances, the jury could properly infer that defendant controlled these premises and all persons that he permitted to enter therein (see generally People v Elhadi, 304 AD2d 982, 983 [2003], lv denied 100 NY2d 580 [2003]; People v Tirado, 47 AD2d 193, 193-195 [1975], affd 38 NY2d 955 [1976]). Viewing this evidence in the light most favorable to the People, we conclude that the jury rationally decided that defendant was in constructive possession of the controlled substances (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Contes, 60 NY2d 620, 621 [1983]; People v Bailey, supra at 633; People v Bush, 266 AD2d 642, 643 [1999], lv denied 94 NY2d 917 [2000]).

In arguing that the convictions are against the weight of the evidence, defendant asserts that the informant lacked credibility and that there were conflicts in the testimony between that of the informant, the police officers and other witnesses. In deciding this issue, we analyze the evidence based on the relative probative force of the conflicting testimony and the strength of the conflicting inferences that may be drawn therefrom (see People v Bleakley, supra at 495; People v Williams, 301 AD2d 794, 796 [2003]), viewing the evidence in a neutral light and giving appropriate deference to the jury's ability to observe the witnesses and hear their testimony. As the claimed inconsistencies are trivial, we conclude that the jury made an appropriate determination with respect to the evidence and accorded it its proper weight (see People v Youmans, 292 AD2d 647, 649 [2002],

*lv denied* 98 NY2d 704 [2002]; *People v Burns*, 281 AD2d 704, 706 [2001], *lv denied* 96 NY2d 826 [2001]).

Next, defendant claims that his trial counsel was ineffective because he made no opening statement and did not call defendant as a witness. With respect to these claims, first, defendant has failed to point to any evidence which would suggest that counsel's waiver of an opening statement in any way impacted defendant's ability to present a defense or that it denied him a fair trial (*see People v Bennett*, 29 NY2d 462, 465 [1972]). Further, defendant identifies nothing that would indicate that counsel's decision to rest without calling defendant as a witness was not a reasonable trial strategy which, even if unsuccessful, does not automatically rise to the level of ineffective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 146 [1981]). Viewing the whole record, it is apparent that trial counsel appropriately prepared for trial, vigorously cross-examined the People's witnesses, made appropriate objections and motions, presented extensive amounts of documentary evidence and gave an effective summation, highlighting the weaknesses of the People's case. Thus, we conclude that defendant received an adequate and meaningful defense (*see People v McDonald*, 255 AD2d 688, 689 [1998]).

As a final matter, we find no reason to disturb the discretion exercised by County Court in fashioning an appropriate sentence. County Court gave due consideration to defendant's age, physical infirmities, the gravity of the offenses and the strength of the evidence presented at trial in imposing sentence, and the sentence imposed was significantly less than that which could have been imposed. Since no extraordinary circumstances have been presented which would warrant modification of the sentence, in the interest of justice, we decline to disturb it (*see People v Perkins*, 5 AD3d 801, 804 [2004]; *People v Johnson*, 307 AD2d 384, 385 [2003], *lv denied* 1 NY3d 574 [2003]).

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.