◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM SIDBURY, Appellant. [806 NYS2d 273]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered March 27, 2002 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

On this appeal, defendant makes three arguments. His weight/insufficiency of evidence argument is that the evidence introduced at trial through a state police forensic scientist, identified as a white powdery substance containing cocaine, was not the substance allegedly purchased from defendant which was described as a "hard chunky white substance" and denoted as "crack cocaine" by the police officers. Contrary to defendant's protestations, however, the record reveals an unbroken chain of

custody which establishes the authenticity of the evidence (*see People v Julian,* 41 NY2d 340, 342-343 [1977]; *see also People v Beverly,* 5 AD3d 862, 864 [2004], *lv denied* 2 NY3d 796 [2004]). The differing descriptions, when viewed in the light most favorable to the prosecution, do not undermine the chain of custody or the reasonableness of the conclusion that the substance sold by defendant was indeed the substance tested by the forensic scientist (*see People v Lanza,* 299 AD2d 649, 650 [2002], *lv denied* 100 NY2d 540 [2003]). At most, the differing descriptions go to the weight the jury could assign to this evidence rather than its admissibility (*see People v Howard,* 305 AD2d 869, 870 [2003], *lv denied* 100 NY2d 583 [2003]), and the jury could rationally conclude that the substance sold by defendant was indeed the substance tested by the forensic scientist. We see no justification for disturbing the jury's conclusion in this regard (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). When viewed in a neutral light and giving due deference to the jury's credibility determinations, we reject defendant's claim that the verdict was against the weight of the evidence (*see People v Bleakley, supra* at 495; *People v Miller,* 13 AD3d 890, 891 [2004]).

Next, defendant argues that Supreme Court erred in admitting a statement made by him and evidence regarding his identification because the People served no CPL 710.30 notice. It appears that following the sale of the substance to the confidential informant, a police officer—who had observed the transaction from a distance—approached defendant and, pretending to be working on a stolen bicycle case, obtained defendant's name and birth date. However, since defendant's statement was voluntary and only concerned his pedigree, it is not subject to the requirements of CPL 710.30 (1) (a) (*see People v Rodney,* 85 NY2d 289, 292-293 [1995]). Likewise, defendant was not entitled to notice since this evidence was not the product of an identification procedure as contemplated by CPL 710.30 (1) (b) (*see People v Peterson,* 194 AD2d 124 [1993], *lv denied* 83 NY2d 856 [1994]).

As a final matter, defendant asserts that his sentence of 7 to 21 years for selling $20 worth of cocaine is excessive and an abuse of discretion. The sentence falls within the acceptable range of permissible sentences for the crime for which defendant was convicted and will not be disturbed unless there exists some extraordinary circumstances or an abuse of discretion which warrant modification (*see People v Brodus,* 307 AD2d 643, 644 [2003], *lv denied* 100 NY2d 618 [2003]). When viewed against the background of defendant's age and extensive criminal history, we find nothing in the record which would in any

way support modification of the sentence imposed. Defendant's wholly unsupported claim that the severity of the sentence is punishment for going to trial has absolutely no basis in the record.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.