■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LA-KEYSHA HARRIS, Appellant. [813 NYS2d 822]—

Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 27, 2003 in Albany County, upon a verdict convicting defendant of the crimes of arson in the third degree, assault in the third degree, insurance fraud in the third degree (two counts) and grand larceny in the fourth degree.

Following a jury trial, defendant was found guilty of arson in the third degree, assault in the third degree, insurance fraud in the third degree (two counts), and grand larceny in the fourth degree for intentionally setting fire to her former apartment, fraudulently claiming and receiving insurance proceeds for loss of personal property in the fire, and indirectly causing injury to a firefighter who fell from a ladder at the scene of the fire. The principal witness against defendant was her former boyfriend, who testified that he assisted her in setting the fire after helping her move her belongings to a storage unit.

Defendant contends on appeal that the People failed to establish an adequate chain of custody for certain fire debris that was collected at the scene of the fire and later tested for the presence of an accelerant. We disagree. A fire department investigator testified that he placed the fire debris in sealed and labeled containers. Later, after the sealed containers arrived at the State Police crime laboratory, their contents were analyzed and found to contain traces of a flammable liquid. Although there was no testimony as to what, if anything, was done with the containers between when they were sealed and when they were unsealed at the laboratory, the record reveals " 'reasonable assurances of the identity and unchanged condition of the evidence' " (*People v Howard*, 305 AD2d 869, 870 [2003], *lv denied* 100 NY2d 583 [2003], quoting *People v Haggray*, 173 AD2d 962, 964 [1991], *lv denied* 78 NY2d 966 [1991]). Any potential weaknesses in the chain between collection and analysis went "to the weight accorded the evidence, not its admissibility" (*People v Beverly [Priest]*, 5 AD3d 862, 864 [2004], *lvs denied* 2 NY3d 796, 804 [2004]).

Nor do we find merit in defendant's argument that the items of personal property seized from her new apartment pursuant to a search warrant should have been suppressed because they were not described with sufficient particularity. While particularity of description of the items to be seized is mandatory, this

requirement must be viewed from "the standpoint of common sense" and is satisfied where "the descriptions in the warrant and its supporting affidavits [are] sufficiently definite to enable the searcher to identify the . . . things that the Magistrate has . . . determined should be searched or seized" (*People v Nieves*, 36 NY2d 396, 401 [1975]; *see People v Grimes*, 51 AD2d 625, 627 [1976]). Here, the items listed in the warrant were the same items of personal property that defendant claimed had been lost in the fire. In part because she maintained at trial that the items found in her new apartment were replacements, defendant faults the search warrant for its failure to describe the items sought by reference to their serial numbers. There is, however, no legal requirement that the warrant's descriptions discriminate among similar items, particularly since the warrant referred, and had a level of specificity comparable, to defendant's own written inventory of these items prepared for her insurance claim.

We are also unpersuaded that the testimony of her boyfriend, as an accomplice, was insufficiently corroborated. New York's accomplice corroboration rule "requires only enough nonaccomplice evidence to assure that the accomplice[ ] [has] offered credible probative evidence," and it "does not require independent proof of the elements of the crime to sustain a conviction" (*People v Breland*, 83 NY2d 286, 293 [1994]; *see People v Moore [Asante]*, 17 AD3d 786, 789 [2005], *lvs denied* 5 NY3d 785, 792 [2005]; *People v Glanda*, 5 AD3d 945, 952 [2004], *lvs denied* 3 NY3d 640, 674 [2004], *cert denied* 543 US 1093 [2005]). Here, there was independent evidence that only defendant and her landlord had keys to the apartment, no evidence of forced entry was found after the fire, the fire was incendiary in nature, the points of origin described by her accomplice were consistent with the fire investigator's report and defendant filed an insurance claim for the loss of items which were found in her new apartment (*see People v Dann*, 14 AD3d 795, 796-797 [2005], *lv denied* 4 NY3d 885 [2005]; *People v Canale*, 76 AD2d 1032, 1032-1033 [1980]). This evidence tended to connect defendant to the crimes charged and sufficiently corroborated the accomplice's testimony that defendant planned the fire and participated in starting it.

We have considered defendant's remaining contentions, including her assertion that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence, and find them to be equally unavailing.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.