■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CARTER, Appellant. [818 NYS2d 854]—

Rose, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered November 9, 2004 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

In the course of an undercover drug operation, Investigator Daniel Sweet purchased two bags of heroin. Sweet then described the seller in detail to Richard Gould, the detective who immediately field tested the bags. Gould relayed the description to detective Brian Quinn, who had observed the sale

from a distance and saw the seller leave the scene. Quinn then approached the seller and, on a pretext, elicited his name, date of birth and residence. Defendant was subsequently arrested and indicted on one count of criminal sale of a controlled substance in the third degree. After a trial at which Sweet and Quinn identified defendant as the seller, the jury convicted him as charged. Due to defendant's extensive criminal history, Supreme Court sentenced him to a maximum prison term of 8⅓ to 25 years. Defendant appeals.

Initially, defendant contends that Supreme Court erred in admitting his statements to Quinn as to his name, date of birth and residence because the People did not give the notice required by CPL 710.30 (1) (a). We disagree. Inasmuch as only that identifying information was elicited and his statements were made in a noncoercive, noncustodial setting, "there is no question of voluntariness" (*People v Greer*, 42 NY2d 170, 178 [1977]; *see* CPL 60.45 [2] [b]) and, thus, they were not subject to the notice requirements of CPL 710.30 (*see People v Sidbury*, 24 AD3d 880, 881 [2005], *lv denied* 6 NY3d 818 [2006]; *People v Fletcher*, 258 AD2d 470, 471 [1999], *lv denied* 93 NY2d 899 [1999]; *People v Roopchand*, 107 AD2d 35, 37 [1985], *affd* 65 NY2d 837 [1985]; *People v Pray*, 99 AD2d 915, 916 [1984]). Nor were his statements the product of an indentification procedure as contemplated by CPL 710.30 (1) (b) (*see People v Butler*, 16 AD3d 915, 916-917 [2005], *lv denied* 5 NY3d 786 [2005]; *People v Peterson*, 194 AD2d 124, 127-128 [1993], *lv denied* 83 NY2d 856 [1994]).

Defendant's argument that the testimony of Gould, who did not observe the drug sale, constituted improper bolstering of the identifications made by Sweet and Quinn is not preserved for our review, as no objections were made during trial (*see* CPL 470.05 [2]; *People v Kelly*, 185 AD2d 494, 495 [1992]). In any event, were we to consider the issue, we would find any such error to be harmless because Sweet's testimony, based upon two face-to-face encounters with defendant in his car, together with Quinn's corroborating statements, amply establish that defendant was the person who sold the bags of heroin (*see People v Smith*, 12 AD3d 781, 782 [2004], *lv denied* 4 NY3d 768 [2005]; *People v Hawes*, 298 AD2d 706, 708 [2002], *lv denied* 99 NY2d 582 [2003]).

Next, we are unpersuaded by defendant's challenges to the legal sufficiency of the People's proof of the chain of custody and that he was the seller. Defendant does not dispute that the People proved a continuous chain of custody of the bags of heroin from their sale through their delivery to the District At-

torney, their final custodian (*see People v Connelly*, 35 NY2d 171, 174-175 [1974]). Rather, defendant questions only what might have happened to the bags while in the District Attorney's possession for three days prior to trial. In our view, the Assistant District Attorney's presentation of the bags of heroin at trial through the testimony of each person who had handled the heroin and the forensic scientist's testimony that the seals she placed on the evidence after testing had not been disturbed provided " 'reasonable assurances of the identity and unchanged condition of the evidence' " (*People v Howard*, 305 AD2d 869, 870 [2003], *lv denied* 100 NY2d 583 [2003], quoting *People v Haggray*, 173 AD2d 962, 964 [1991], *lv denied* 78 NY2d 966 [1991]). As for identification, the jury obviously credited the testimony of Sweet and Quinn, and rejected defendant's testimony that he had been elsewhere on the day in question, which was its privilege (*see e.g. People v Hargett*, 11 AD3d 812, 814 [2004], *lv denied* 4 NY3d 744 [2004]). Moreover, when the evidence is viewed in a neutral light and due deference is given to the jury's credibility determinations, we also find no merit in defendant's claim that the verdict was against the weight of the evidence (*see People v Miller*, 13 AD3d 890, 891 [2004]).

Defendant also argues that Supreme Court improperly permitted the jury to hear a recording of a radio conversation between Quinn and Gould containing Quinn's statement that a store owner had complained about a person, presumably defendant, who was hustling outside his store. Upon our review, we find that defendant failed to preserve his current objection that Quinn's statement is inadmissible hearsay (*see People v Bertone*, 16 AD3d 710, 712 [2005], *lv denied* 5 NY3d 759 [2005]). The People's use of the recording was conditioned upon terms discussed off the record, and defendant made no objection to its admission. In any event, any error in its admission was harmless in light of the limiting instruction given by Supreme Court and the other overwhelming evidence of defendant's guilt (*see People v Kello*, 96 NY2d 740, 743-744 [2001]).

Defendant next contends that Supreme Court abused its discretion in acceding to the jury's request, made after deliberations had begun, for a closer view of the identifying facial scarring testified to by Sweet and Quinn. We cannot agree with defendant's characterization of this viewing as a reopening of the proof, however, because the request came from the jury, no testimony was presented and no element of the crime charged had been overlooked (*cf. People v Behling*, 54 NY2d 995, 996 [1981]). Since defendant's face was effectively an exhibit that had been before the jury throughout the trial, we view the jury's

request and Supreme Court's response as akin to providing the jurors an opportunity for closer inspection of an exhibit already in evidence. Thus, we perceive no error.

Defendant's remaining arguments, including his claims of ineffective assistance of counsel and harshness of his sentence, have been considered and found unavailing.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.