■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY BELLAMY, Appellant. [823 NYS2d 607]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 6, 2005, convicting defendant following a nonjury trial of the crimes of tampering with physical evidence and perjury in the first degree.

As part of an August 2004 narcotics investigation, police executed a search warrant at 47 Griswold Street in the City of Binghamton, Broome County. Upon entering the residence, police investigator James Hawley observed defendant run from a nearby bathroom and heard a toilet flushing therein. Hawley entered the bathroom, retrieved a plastic bag containing crack cocaine from the toilet and took defendant into custody.

Although defendant testified before a grand jury that he was not attempting to flush cocaine down the toilet when the police entered the residence, he was indicted and charged with various offenses, including tampering with physical evidence and perjury in the first degree. Defendant waived his right to a jury trial and was, thereafter, convicted of tampering with physical evidence and perjury in the first degree. He was later sentenced, as a second felony offender, to consecutive terms aggregating at $3^{1}/_{2}$ to 7 years in prison.

On this appeal, defendant first contends that County Court erred in admitting into evidence the bag of cocaine retrieved by Hawley because an adequate chain of custody was not established. Hawley testified that he personally field tested the substance he retrieved from the toilet and it tested positive for cocaine. He indicated that he placed the substance in a secure evidence locker at the Binghamton police station. The property custodian for the Binghamton police testified that he subsequently transported the sealed substance from the evidence locker to the State Police laboratory and later retrieved it from the State Police. Furthermore, an analyst with the State Police

set forth the extensive laboratory procedures followed in the instant case and a certified copy of the State Police receipt record was admitted into evidence. Even assuming that the aforementioned testimony does not establish a complete chain of custody, we conclude that the People's evidence provided " 'reasonable assurances of the identity and unchanged condition' of the evidence" (*People v Julian*, 41 NY2d 340, 343 [1977], quoting *Amaro v City of New York*, 40 NY2d 30, 35 [1976]; *accord People v Beverly [Priest]*, 5 AD3d 862, 864 [2004], *lvs denied* 2 NY3d 796, 804 [2004]; *People v Haggray*, 173 AD2d 962, 964 [1991], *lv denied* 78 NY2d 966 [1991]; *see People v Harris*, 29 AD3d 1027, 1028 [2006]). Thus, inasmuch as deficiencies in the chain of custody merely relate to the weight to be accorded the evidence by the trier of fact (*see People v Harris, supra* at 1028; *People v Howard*, 305 AD2d 869, 870 [2003], *lv denied* 100 NY2d 583 [2003]), County Court did not err in admitting the evidence.

Next, defendant claims that reversal is required because he was not invited to participate in the first sidebar conference during his trial. "While there can be no doubt that a defendant has a statutory right to be personally present at all material stages of a trial, including sidebar conferences" (*People v Williams*, 11 AD3d 810, 812 [2004], *lv denied* 4 NY3d 769 [2005] [citation omitted]; *see* CPL 260.20), "[a] key factor in determining whether a defendant has a right to be present during a particular proceeding is 'whether the proceeding involved factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position' " (*People v Spotford*, 85 NY2d 593, 596 [1995], quoting *People v Dokes*, 79 NY2d 656, 660 [1992]).

In the instant case, the sidebar at issue concerned the interpretation of a stipulation previously entered into at trial. Thus, the sidebar conference concerned a question of law and, consequently, it does not appear likely that defendant would have made a meaningful contribution had he been present (*see People v Fabricio*, 3 NY3d 402, 406 [2004]; *compare People v Douglas*, 29 AD3d 47, 52-53 [2006], *lv denied* 6 NY3d 847 [2006]). Moreover, we note that County Court reserved decision at that time and, upon realizing that defendant had not been present at the bench, explained what had transpired to defendant and indicated that he had a right to be present at all future sidebar conferences. Accordingly, under all these circumstances, we do not find reversible error (*see People v Lamont*, 21 AD3d 1129, 1131 [2005], *lv denied* 6 NY3d 835 [2006]).

Nor are we persuaded that County Court erred in sentencing

defendant to consecutive terms of imprisonment. Pursuant to Penal Law § 70.25 (2), concurrent sentences must be imposed when "the *actus reus* elements in both of the committed offenses, as defined, are the same, or if the *actus reus* for one offense is, by definition, a material element of the other" (*People v Bryant*, 92 NY2d 216, 231 [1998]; *see e.g. People v Larew*, 11 AD3d 727, 728-729 [2004]; *see generally People v Laureano*, 87 NY2d 640, 643 [1996]). Here, defendant was convicted of "suppressing" physical evidence via an act of concealment, alteration or destruction (*see* Penal Law § 215.40 [2]) and of subsequently making a false sworn statement concerning his commission of same (*see* Penal Law § 210.15). Clearly, these offenses require the performance of entirely separate acts (*compare People v Maloney*, 233 AD2d 681, 683 [1996]) and the mere fact that the charged offenses involve the same subject matter is, therefore, no bar to the imposition of consecutive sentences (*see People v Morrison*, 290 AD2d 808, 809-810 [2002], *lv denied* 98 NY2d 653 [2002]).

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.