■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BRIEL, Appellant. [826 NYS2d 853]—

Appeal from the judgment of the County Court of Franklin County (Main, Jr., J.), rendered September 6, 2005, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant was indicted for burglary in the second degree, petit larceny and possession of a forged instrument in the second degree. The charges arose out of an unlawful entry into a residence wherein, among other things, a check, cigarettes and medication were taken. Ultimately, pursuant to a negotiated plea bargain agreement, defendant pleaded guilty to a reduced charge of attempted burglary in the second degree in full satisfaction of the indictment. Defendant was not promised any sentence in exchange for his plea, and County Court subsequently sentenced him as a second felony offender to a prison term of five years to be followed by three years of postrelease supervision. Defendant appeals.

We affirm. Defendant argues that the sentence imposed was harsh and excessive. He bases this assertion on the claim that County Court erred in citing to certain actions taken by him subsequent to his plea. We disagree. While defendant points to the fact that the People recommended a determinate sentence

of not greater than three years, County Court specifically informed defendant at the time of the plea that it was not bound by that recommendation and, depending on the information the court gleaned from the presentence investigation, the People, the victim or even defendant himself, it could impose the maximum possible sentence of seven years. After the plea hearing, defendant sent a card to the victim that referred to her in derogatory terms. It resulted in her seeking and receiving an order of protection. County Court found that this "additional indication" of defendant's behavior and attitude warranted a greater sentence than that recommended by the People. Contrary to defendant's assertions, we find no abuse of discretion by the court in considering these actions by defendant when it rendered its sentence. Defendant had a lengthy criminal record (*see People v Arnold*, 32 AD3d 1051 [2006]) and we find no extraordinary circumstance warranting a reduction of the sentence in the interest of justice (*see People v Bryant*, 32 AD3d 1080 [2006]; *People v Terry*, 300 AD2d 757 [2002], *lv denied* 99 NY2d 620 [2003]; *People v Colantonio*, 277 AD2d 498 [2000], *lv denied* 96 NY2d 781 [2001]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.