■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN C. CARTER, Appellant. [863 NYS2d 715]—

Mugglin, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered September 26, 2005, upon a verdict convicting defendant of the crimes of burglary in the third degree and harassment in the second degree.

On January 12, 2005, the victim discovered defendant "frantically pawing" through her desk drawer and a bag containing her personal effects in her office at the Broome Developmental Center in the Town of Dickinson, Broome County. Defendant pushed the victim out of his way and ran from the building, across the parking lot and into a wooded area. Security officers, having been alerted by the victim, pursued and followed the only set of footprints in the snow and, within minutes, apprehended defendant and brought him back to the building, where he was identified by the victim. Defendant was indicted for—and convicted of—burglary in the third degree and harassment in the second degree and received a prison sentence of $3^{1}/_{2}$ to 7 years for the burglary conviction and an unconditional discharge for the harassment conviction. He makes four appellate arguments.

Defendant's argument that there was legally insufficient evidence to support the burglary conviction is premised only on his claim that he did not enter or remain unlawfully in the Broome Developmental Center building as it is open to the public and lacks conspicuous markers which indicate the private areas. We disagree. Security officers were stationed near the lobby entrance of the building and a register for visitors to sign in was furnished (*see People v Taylor*, 190 AD2d 628, 628 [1993], *lv denied* 81 NY2d 1020 [1993]). Signs at the entrance indicated that visitors needed to register upon arrival. Defendant did not sign the visitor register and entered into a much less-traveled area of the facility, to a location which was described as a "cul-de-sac off the main corridor." Once reaching the victim's office, the door, although slightly ajar, bore stickers and a placard identifying it as the "CSEA Office" occupied by the victim. This evidence, viewed in the light most favorable to the People (*see People v Thompson*, 72 NY2d 410, 413 [1988]; *People v Allah*, 71 NY2d 830, 831 [1988]; *People v Contes*, 60 NY2d 620, 621 [1983]), establishes that defendant entered and remained unlawfully in that part of the premises not open to the public (*see* Penal Law § 140.00 [5]; § 140.20).

Next, defendant is correct in asserting that the trial testimony of one of the security officers improperly bolstered the prior identification testimony of the victim (*see People v Buie*, 86 NY2d 501, 509-510 [1995]; *People v Mobley*, 56 NY2d 584, 585 [1982]; *People v Smith*, 12 AD3d 781, 782 [2004], *lv denied* 4 NY3d 768 [2005]). Nevertheless, defendant failed to preserve this issue by proper objection at trial (*see* CPL 470.05 [2]; *People v Love*, 57 NY2d 1023, 1025 [1982]; *People v Carter*, 31 AD3d 1056, 1057 [2006], *lv denied* 7 NY3d 901 [2006]; *People v Kelly*, 185 AD2d 494, 495 [1992]). Were we to reach this issue, we would find the error to be harmless as the evidence of guilt was "clear and strong" (*People v Mobley, supra* at 585; *see People v Malloy*, 22 NY2d 559, 567 [1968]) and "precluded any significant probability that the jury would have acquitted the defendant had it not been for the bolstering errors" (*People v Tinsley*, 159 AD2d 602, 603 [1990]).

Defendant's third argument—that he was prevented from adequately preparing and conducting a defense because he was charged with committing these crimes on two separate dates—is disingenuous and totally without merit. The People's response to defendant's pretrial omnibus motion contained a typographical error that the incident took place on January 1, 2005. However, the indictment (*see People v Morris*, 61 NY2d 290, 293 [1984]), felony complaint and police report all provided that the

incident occurred on January 12, 2005. At defendant's *Huntley* hearing, both witnesses testified, without objection, that the incident took place on January 12, 2005. Under these circumstances, defendant clearly had notice that the incident for which he stood trial occurred on January 12, 2005. Thus, defendant was apprised of the correct date well in advance of trial and had an adequate and sufficient period of time to prepare a defense.

Lastly, defendant argues that his sentence for burglary in the third degree was harsh and excessive. Defendant's lack of remorse, coupled with his extensive criminal record which includes multiple burglary convictions, provide ample support for the conclusion that County Court's imposition of the maximum permissible sentence (*see* Penal Law § 70.06 [3] [d]; [4] [b]) was not an abuse of discretion and this record reveals no extraordinary circumstances which would warrant modification in the interest of justice (*see People v Briel*, 36 AD3d 1081, 1082 [2007]; *People v Johnson*, 12 AD3d 941, 941 [2004]; *People v Jones*, 290 AD2d 726, 727 [2002], *lv denied* 97 NY2d 756 [2002]).

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.